IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LESLEE M. LOBATO,**

    **Plaintiff,**

  **v.**                                                                   **No. 14-cv-0281 SMV**

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] ("Motion"), filed on October 22, 2014. The Commissioner responded on December 12, 2014. [Doc. 20]. Plaintiff replied on January 21, 2015. [Doc. 21]. The parties have consented to the undersigned's entering final judgment in this case. [Doc. 8]. Having meticulously reviewed the entire record and being fully advised in the premises, the Court finds that the Appeals Council erred in failing to consider certain evidence. Accordingly, the Motion will be granted, and the case will be remanded for further proceedings.

## Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's

decision stands and the plaintiff is not entitled to relief. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). "The failure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (internal quotation marks omitted). Courts must meticulously review the entire record but may neither reweigh the evidence nor substitute their judgment for that of the Commissioner. *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Langley*, 373 F.3d at 1118. The decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* While a court may not reweigh the evidence or try the issues de novo, its examination of the record as a whole must include "anything that may undercut or detract from the [Commissioner]'s findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005). "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. FAA*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

## **Applicable Law and Sequential Evaluation Process**

In order to qualify for disability benefits, a claimant must establish that she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be

expected to last for a continuous period of not less than 12 months."  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 405.1505(a), 416.905(a).

When considering a disability application, the Commissioner is required to use a five-step sequential evaluation process.  20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987).  At the first four steps of the evaluation process, the claimant must show: (1) she is not engaged in "substantial gainful activity"; *and* (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; *and* (3) her impairment(s) either meet or equal one of the Listings[1] of presumptively disabling impairments; *or* (4) she is unable to perform her "past relevant work."  20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261.  If she cannot show that her impairment meets or equals a Listing, but she proves that she is unable to perform her "past relevant work," the burden of proof then shifts to the Commissioner, at step five, to show that the claimant is able to perform other work in the national economy, considering her residual functional capacity ("RFC"), age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

### Procedural Background

Plaintiff applied for a period of disability, disability insurance benefits, and supplemental security income on July 26, 2010. Tr. 77.  She alleged a disability-onset date of July 14, 2010.  *Id.*  Her claims were denied initially and on reconsideration.  *Id.*  Plaintiff requested a hearing before an administrative law judge ("ALJ").  *Id.*  ALJ Ben Willner held a

---

[1] 20 C.F.R. pt. 404, subpt. P, app. 1.

3

hearing on September 5, 2012, in Albuquerque, New Mexico. *Id.* Plaintiff appeared without representation via video conference from Farmington, New Mexico. The ALJ heard testimony from Plaintiff and from an impartial vocational expert ("VE"), Thomas M. Lafosse, who appeared in Albuquerque. Tr. 77, 91–122.

The ALJ issued his unfavorable decision on October 17, 2012. Tr. 77–90. At step one, he found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 79. Because Plaintiff had not engaged in substantial gainful activity for at least 12 months, the ALJ proceeded to step two. *Id.* There, he found that Plaintiff suffered from the following severe impairments: "obesity[;] an affective disorder in the form of depression[;] pes planus, bilaterally[;] muscle ligament disorder[;] and bunion growths[.]" Tr. 80. At step three, the ALJ found that none of Plaintiff's impairments, alone or in combination, met or medically equaled a Listing. Tr. 80–82.

Because none of Plaintiff's impairments met a Listing, the ALJ went on to assess Plaintiff's RFC. Tr. 82–88. The ALJ found that:

> [Plaintiff] has the [RFC] to perform light work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). She is able to climb ramps and stairs on an occasional basis[] but can never climb ladders, ropes, or scaffolds. She can occasionally balance, stoop, kneel, crouch, and crawl. Additionally, she can perform work that requires no more than simple tasks, with simple instructions[;] should work primarily with things rather than people[; and] is able to maintain concentration, persistence, and pace for up to two hours at a time[] before taking a normally scheduled break and returning to work.

Tr. 82.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  Tr. 88.  At step five, the ALJ found that, based on Plaintiff's RFC, age, education, and work experience and the testimony of the VE, she could perform work that exists in significant numbers in the national economy.  Tr. 88–89.  Ultimately, the ALJ found that Plaintiff had not been under a disability, as defined by the Act, during the relevant time period, and he denied the claims.  Tr. 89–90.

After the ALJ denied the claims, Plaintiff hired an attorney and submitted additional evidence to the Appeals Council.  [Doc. 18] at 3; Tr. 7–65.  The Appeals Council accepted the evidence that pre-dated the ALJ's decision and made it part of the record.  Tr. 5, 549–603.  However, the Appeals Council noted that that evidence actually comprised duplicate materials that were already part of the record before the ALJ.  Tr. 2.  As to the new evidence, the Appeals Council found that it "[did] not provide a basis for changing the [ALJ]'s decision." *Id.*  The evidence that post-dated the ALJ's decision was not made part of the record.  Tr. 2, 7–65.  The Appeals Council found that the "new information [was] about a later time[, and therefore did] not affect the [ALJ's decision]."  Tr. 2.  Remaining unpersuaded, the Appeals Council denied Plaintiff's request for review on January 23, 2014.  Tr. 1−5.  Plaintiff timely filed the instant action on March 24, 2014.  [Doc. 1].

## Analysis

The Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision.  *See* Tr. 58–62, 64–65.  Therefore, the case will be remanded.  The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals

5

Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("[T]he Appeals Council, which has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation marks omitted).

In this case, Plaintiff submitted evidence to the Appeals Council that post-dated the ALJ's decision.[2] Tr. 1–5, 7–65. The evidence comprised certain treatment records and two assessments of Plaintiff's functional limitation. Tr. 7–65. The Appeals Council found that the evidence was not chronologically pertinent and, therefore, did not consider it.[3] Tr. 2 ("This new information is about a later time. Therefore, it does not affect the decision about whether you were disabled beginning on or before October 17, 2012."). Plaintiff challenges this

---

[2] Plaintiff also submitted evidence to the Appeals Council that pre-dated the ALJ's October 17, 2012 decision. Tr. 2, 549–603. However, that evidence had already been part of the record before the ALJ. Tr. 2. The Appeals Council accepted the earlier evidence, considered it, added it to the record for a second time, and summarily determined that it "[did] not provide a basis for changing the [ALJ's unfavorable] decision." Tr. 2. The evidence that pre-dates the ALJ's decision is not material to this Memorandum Opinion and Order.

[3] It is unclear whether the Commissioner agrees that the Appeals Council failed to consider the evidence or, instead, whether she argues that the Appeals Council did consider the evidence, but simply rejected it. *See* [Doc. 20] at 22–24. The difference is meaningful. If the Appeals Council did not consider the additional evidence because it did not qualify for consideration under §§ 404.970(b), 416.1470(b), then the question before this Court is whether the Appeals Council erred in failing to do so. If the Appeals Council did accept and consider the new evidence, then the question here is whether the ALJ's decision was supported by substantial evidence in light of the new evidence. *See Padilla v. Colvin*, 525 F. App'x 710, 712 n.1 (10th Cir. 2013). The Court finds that the Appeals Council did not consider the evidence that post-dated the ALJ's decision. First, the Appeals Council's order itself reflects that it considered only the evidence that pre-dated the ALJ's decision. *Compare* Tr. 1 ("What We Considered[:] In looking at your case, we considered the additional evidence listed on the enclosed Order of Appeals Council."), *with* Tr. 5 (Order of Appeals Council, listing only the evidence that pre-dated the ALJ's decision). Second and most importantly, the Appeals Council's dismissal of the additional evidence because it was not temporally relevant indicates that it ultimately found the evidence did not qualify for consideration at all. Because temporal relevance is one of the predicate requirements under §§ 404.970(b), 416.1470(b) to warrant consideration, the Appeals Council could not have considered the additional evidence after it found the new evidence was not temporally relevant. This case, therefore, boils down to whether the Appeals Council should have considered the additional evidence.

determination and argues that the Appeals Council should have considered the later evidence because it was new, material, and chronologically pertinent. [Doc. 18] at 16–20.

Whether evidence qualifies for consideration by the Appeals Council is a question of law subject to de novo review. *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003). Additional evidence should be considered only if it is new, material, and chronologically pertinent. 20 C.F.R. §§ 404.970(b), 416.1470(b). Evidence is new "if it is not duplicative or cumulative," and it is material "if there is a reasonable possibility that it would have changed the outcome." *Threet*, 353 F.3d at 1191 (alterations omitted) (internal quotation marks omitted). Evidence is chronologically pertinent if it relates to the time period on or before the ALJ's decision. *Id*. If the Appeals Council fails to consider qualifying new evidence, the case should be remanded so that the Appeals Council may reevaluate the ALJ's decision in light of the complete evidence. *Id.*

### I. The case will be remanded for consideration of the functional assessments from Dr. Marren and counselor Snuggerud.

Plaintiff argues that the functional assessments from Dr. Marren and counselor Snuggerud qualify as "new" because they "did not exist at the time ALJ Willner issued his decision." [Doc. 18] at 19. The Commissioner responds that the evidence is not "new" because it is "merely duplicative." [Doc. 20] at 23. Plaintiff is correct. The evidence qualifies as "new" under §§ 404.970(b), 416.1470(b) because it is neither cumulative nor duplicative. The reports from Dr. Marren and counselor Snuggerud had not been prepared yet when the ALJ issued his

7

decision.  Further, results of the reports are not cumulative because the record contains no other comprehensive assessment of Plaintiff's functional limitations from treating providers.

Plaintiff further argues that the providers' functional assessments are "material" because they are dated within three months of that ALJ's decision and show how her "medically determinable impairments affect her functioning."  [Doc. 18] at 19.  The Commissioner impliedly argues that the assessments by Dr. Marren and counselor Snuggerud would not have changed the outcome of the case because they are "unsupported by their own and others' favorable . . . findings **during** the period at issue and thereafter[,]" and because Dr. Marren did not treat Plaintiff's mental disorders.  [Doc. 20] at 23.  The Court agrees with Plaintiff.  These assessments were prepared by Plaintiff's treating providers and, as such, may enjoy deference. *See Doyal v. Barnhart*, 331 F.3d 758, 762 (10th Cir. 2003).  These assessments also comprise greater restrictions than those contained in the RFC found by the ALJ. *Compare* Tr. 82 (ALJ's RFC), *with* Tr. 58–62, 64–65 (assessments at issue).  Accordingly, the Court finds that these reports reasonably call into question the disposition of the case. *See Threet*, 353 F.3d at 1191 (Evidence is material "if there is a reasonable possibility that it would have changed the outcome.").

Finally, Plaintiff argues that the functional assessments from Dr. Marren and from counselor Snuggerud are "chronologically pertinent" because they expressly indicate that they reflect each provider's assessments of her functional limitations since 2009 and since January, 2012, respectively.  [Doc. 18] at 20 (citing Tr. 64–65, 58).  The Commissioner disagrees because the assessments post-date the ALJ's decision.  [Doc. 20] at 22–23.

However, in *Padilla v. Colvin*, the Court of Appeals did not require evidence newly submitted to the Appeals Council to pre-date the ALJ's decision in order to qualify as chronologically pertinent. 525 F. App'x 710, 712 n.1 (10th Cir. 2013). Rather, the court focused on whether the new evidence was pertinent to the issues that had been before the ALJ. *See id.* The court found, in pertinent part:

> [T]he psychological report corroborates an anxiety diagnosis reported by [the plaintiff's] treating doctor, . . . prior to the hearing, as well as [the plaintiff's] hearing testimony. Meanwhile, his intellectual functioning evaluation relates to and augments [the treating doctor's] earlier report that he could not read or write. As to the audiological report, [the plaintiff] identifies the fact that he testified about his hearing loss during the hearing before the ALJ.

*Id.* In *Chambers*, 389 F.3d at 1142–44, the Tenth Circuit evaluated the "chronologically pertinent" question in a similar way. The court held that medical records dated after the ALJ's decision (one day and two months, respectively) were not too temporally remote to be chronologically pertinent. *Id.* However, the court found that the records were immaterial because they represented the first indication of a condition never-before presented to the ALJ. *Id.* The court similarly held that a record dated five months after the ALJ's decision was too temporally remote *where it suggested a condition that had never been presented before*. *Id.*

In this case, Dr. Marren's report assesses Plaintiff's functional limitations related to her back problems, Tr. 64, and her affective disorder, Tr. 65. The report from counselor Snuggerud is based on Plaintiff's mental health problems. Tr. 58–62. These ailments were clearly before the ALJ. Tr. 80–82, 85–87 (finding Plaintiff's depression to be severe and assessing certain

9

resulting limitations), 83–84 (discussing, *inter alia*, Plaintiff's complaints of back pain). Additionally, these reports are dated within three months of the ALJ's decision and expressly consider the time period on or prior to the ALJ's decision. Tr. 58–62, 64–65. Accordingly, the Court finds that Dr. Marren's and counselor Snuggerud's reports are chronologically pertinent.

The functional assessments from Dr. Marren and counselor Snuggerud qualify as new, material, and chronologically pertinent under 20 C.F.R. §§ 404.970(b), 416.1470(b). Accordingly, the Court will require the Appeals Council to consider these records.

## II. Plaintiff fails to meet her burden to show that the remaining records at issue qualify as new, material, and chronologically pertinent.

Plaintiff also argues that other medical records post-dating the ALJ's decision should have been considered by the Appeals Council. [Doc. 18] at 16–17. She explains that these records evidence her continued mental health treatment as well as treatment for "fatigue, left sided weakness, decreased range of motion and pain with movement, knee pain, back pain, neck stiffness, wheezing, and asthma symptoms." *Id.* The Commissioner argues that at least some of these records fail to qualify as "new" because they are duplicative. [Doc. 20] at 23. Specifically, she argues that the records reveal "only further mental health treatment . . . with similar mental functional findings, diagnoses, and treatments as those . . . noted **during** the period at issue." *Id.* (citing Tr. 7–9, 11–13, 22–23, 32–33, 47, 51–52). She also impliedly argues that some of the evidence fails to qualify as material because it relates to conditions that were not before the ALJ. *Id.* (citing to Tr. 40 (Dr. Marren's record addressing neck pain)). Essentially, Plaintiff argues that these records should have been considered by the Appeals

Council because they "show her continuing treatment" and did not exist when the ALJ issued his decision. [Doc. 21] at 1; *see* [Doc. 18] at 16–17. The Court is not persuaded. Here, Plaintiff has the burden to show that the Appeals Council erred in failing to consider the evidence. She has not met that burden as to the remaining evidence. *See* Tr. 7–55.

## Conclusion

The Appeals Council erred in failing to consider certain evidence that post-dated the ALJ's decision. *See* Tr. 58–62, 64–65. Therefore, the Motion will be granted, and the case will be remanded. The Court will not address the other errors alleged by Plaintiff at this time in order to allow the Appeals Council the first opportunity to evaluate the ALJ's decision in light of the complete record. *See Chambers v. Barnhart*, 389 F.3d at 1143.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion to Reverse and Remand for Rehearing, with Supporting Memorandum [Doc. 18] is **GRANTED**. The Commissioner's final decision is reversed, and this case is remanded for further proceedings in accordance with this opinion.

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**