IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**LESLEE M. LOBATO,**

 **Plaintiff,**

 v.                    No. 14-cv-0281 SMV

**CAROLYN W. COLVIN,**
**Acting Commissioner of Social Security Administration,**

 **Defendant.**

## MEMORANDUM OPINION AND ORDER

  THIS MATTER is before the Court on Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 25] ("Motion"), filed on July 14, 2015. The Commissioner responded on July 29, 2015. [Doc. 26]. Plaintiff replied on July 30, 2015. [Doc. 27]. The parties have consented to my entering final judgment in this case. [Doc. 8]. Plaintiff moves the Court for an award of attorney fees in the amount of $7,375.40[1] under the Equal Access to Justice Act ("EAJA") at 28 U.S.C. § 2412. [Doc. 27] at 4. Having reviewed the record, the briefing, and the relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion is well-taken and should be granted.

## Background

  The Commissioner denied Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income. *See* Tr. 77. After exhausting her administrative appeals, Plaintiff timely filed an action in this Court on March 24, 2014. [Doc. 1].

---

[1] Fees incurred in the preparation and support of an EAJA fees motion may be included in an award under EAJA. *Comm'r v. Jean*, 496 U.S. 154, 157, 166 (1990).

The issue during litigation revolved around certain evidence that was submitted to the Appeals Counsel after the ALJ's decision had been issued. It was unclear whether the Appeals Council failed to consider the evidence at all or, instead, whether it did consider the evidence, but simply found that it did not provide a basis for changing the ALJ's decision. [Doc. 23] at 6 n.3. The difference was meaningful. If the Appeals Council had not considered the additional evidence (because it did not qualify for consideration under 20 C.F.R. §§ 404.970(b), 416.1470(b)), then the question before this Court would have been whether the Appeals Council erred in failing to do so. If the Appeals Council had accepted and considered the new evidence, then the question would have been whether the ALJ's decision was supported by substantial evidence in light of the new evidence. [Doc. 23] at 6 n.3 (citing *Padilla v. Colvin*, 525 F. App'x 710, 712 n.1 (10th Cir. 2013)). The Commissioner did not take a position one way or the other on how the Appeals Council had handled the evidence. [Doc. 23] at 6 n.3 (citing Defendant's Response [Doc. 20] at 22–24). Instead, she argued it both ways. She argued that the evidence did not qualify for consideration because it was not new, material, or chronologically pertinent (as required by §§ 404.970(b), 416.1470(b)). [Doc. 20] at 22–23. She also argued that the ALJ's decision was supported by substantial evidence, even considering the new evidence. *Id.* at 22−24.

The Court found that Appeals Council had not considered the evidence at all. [Doc. 23] at 6 n.3. Thus, the Court analyzed whether the Appeals Council's failure to consider the evidence was error. *Id.* (citing *Padilla*, 525 F. App'x at 712 n.1). Ultimately, the Court agreed with Plaintiff that the new evidence—or some of it, namely the functional assessments from Dr. Marren and counselor Snuggerud, Tr. 58–62, 64–65—qualified as new, material, and

chronologically pertinent under §§ 404.970(b), 416.1470(b).[2] [Doc. 23] at 7–10. Therefore, remand was necessary for the Appeals Council to consider the evidence. *Id.* (citing *Threet v. Barnhart*, 353 F.3d 1185, 1191 (10th Cir. 2003) ("If the Appeals Council fails to consider qualifying new evidence, the case should be remanded for further proceedings.")).[3]

## Analysis

Plaintiff now requests an award of attorney fees of $7,375.40 pursuant to EAJA. [Doc. 27] at 4. The Commissioner opposes the Motion because, she argues, her position was substantially justified. [Doc. 26] at 4–6.

EAJA provides for an award of attorney fees to a plaintiff when: (1) she is a prevailing party, (2) the position of the United States was not substantially justified, and (3) no special circumstances would make the award unjust. 28 U.S.C. § 2412(d)(1)(A); *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). Here, the parties do not dispute that Plaintiff is a prevailing party or that no special circumstances would make the award unjust; rather, they disagree about whether the position of the Commissioner was substantially justified. [Docs. 25−27].

The Commissioner bears the burden of showing that her position was substantially justified. *Hackett*, 475 F.3d at 1172. Her "position" collectively refers to her positions at the administrative level and before the federal courts. 28 U.S.C. § 2412(d)(2)(D). EAJA fees

---

[2] However, the Court found that Plaintiff had not met her burden to show that other evidence (that similarly had not been considered by the Appeals Council) qualified for consideration. [Doc. 20] at 10–11 (citing Tr. 7–55). Accordingly, on remand, the Appeals Council was not ordered to consider that evidence. *Id.*

[3] The Court did not go on to evaluate whether the ALJ's decision was supported by substantial evidence in light of the new evidence but, rather, left it to the Appeals Council. [Doc. 23] at 6 (citing *Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004) ("[T]he Appeals Council . . . has the responsibility to determine in the first instance whether, following submission of additional, qualifying evidence, the ALJ's decision is contrary to the weight of the evidence currently of record.") (internal quotation marks omitted)).

generally should be awarded if the ALJ's reasons for denying benefits were unreasonable, "even if the government [subsequently] advanced a reasonable litigation position." *Hackett*, 475 F.3d at 1174 (internal quotation marks omitted).

"The test for substantial justification in this circuit is one of reasonableness in law and fact." *Hackett*, 475 F.3d at 1172 (quoting *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995)). Substantial justification is "satisfied if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, citations, and brackets omitted)). A district court's remand order does not mean, *ipso facto*, that the Commissioner's position was *not* substantially justified; that is, her "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce* 487 U.S. at 566).

Similarly, a district court's order affirming does not itself mean that the Commissioner's position *was* substantially justified. *Gatson v. Bowen*, 854 F.2d 379, 381 n.1 (10th Cir. 1988). For example, when the agency applies the wrong legal standard, the Commissioner "[cannot] show that his position was substantially justified, either in making the initial legal error or in arguing in the ensuing litigation that there was no error." *Chester v. Apfel*, 1 F. App'x 792, 795 (10th Cir. 2001); *see Gatson*, 854 F.2d at 380–81, 381 n.1 (holding that the Commissioner's position could not be substantially justified where the agency applied an outdated legal standard—despite the district court's initial affirmance).

In this case, the Commissioner fails to show that her position was substantially justified. She argues that the ALJ's decision was still supported by substantial evidence after considering the new evidence (i.e., the functional assessments from Dr. Marren and counselor Snuggerud,

4

Tr. 58–62, 64–65). [Doc. 26] at 4–6. Therefore, she posits that the Appeals Council's error in failing to consider the evidence was harmless. *Id.* at 6.

The problem with the Commissioner's argument is that it conflates the two different standards that can be applied in cases like this one (where the dispute revolves around evidence that was submitted to the Appeals Counsel after the ALJ's decision had been issued). On the one hand, if the Appeals Council *does not consider* evidence submitted to it after the ALJ's decision is issued (because the evidence does not qualify for consideration under §§ 404.970(b), 416.1470(b)), then the question before the federal court is whether the Appeals Council erred in failing to do so. In other words, the federal court decides de novo whether evidence qualifies for consideration by the Appeals Council. *Threet*, 353 F.3d at 1191. If it does qualify for consideration, the federal court remands the case so that the Appeals Council may consider it in the first instance. *Chambers v. Barnhart*, 389 F.3d 1139, 1143 (10th Cir. 2004). The court does not review the ALJ's decision in light of the new evidence. *See id.*

On the other hand, if the Appeals Council *does consider* evidence submitted to it after the ALJ's decision is issued, but merely determines that the evidence does not warrant any change to the ALJ's decision, then the question before the federal court is whether the ALJ's decision is indeed supported by substantial evidence in light of the new evidence. *Padilla*, 525 F. App'x at 712 n.1.

This case fits into the former category. Here, the Appeals Council did not consider the new evidence. [Doc. 23] at 6 n.3. The Commissioner's arguments as to the latter category are not on point. The Commissioner fails to meet her burden to show that her position was substantially justified.

5

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act . . . [Doc. 25] is **GRANTED**, and Plaintiff Leslee M. Lobato is authorized to receive $7,375.40 for payment to her attorneys for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

**IT IS FURTHER ORDERED** that if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, counsel shall refund the smaller award to Plaintiff pursuant to *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refun[d] to the claimant the amount of the smaller fee.") (internal quotation marks omitted).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**
**Presiding by Consent**